Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9113 | **DATE** | November 18, 2004 |
| **CASE TITLE** | Jackson vs. City of Chicago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to dismiss is granted. This action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff's motion to stay proceedings is moot. Any pending motions are moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 19 2004 | 89 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 11-18-04 | |
| | | 2004 NOV 19 AM 7:22 | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TALMITCH JACKSON, )
)
Plaintiff, )
) No. 02 C 9113
v. )
)
CITY OF CHICAGO, )
)
Defendant. )

DOCKETED
NOV 1 9 2004

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

There are two motions before this court: Defendant City of Chicago's ("City") Motion to Dismiss Plaintiff's Complaint for his Repeated Failure to Prosecute his Claims in Accordance with this Court's Orders (Dkt. No. 82) filed on October 13, 2004 and Plaintiff Talmitch Jackson's ("Jackson") Motion to Stay Proceedings filed on October 21, 2004. For the following reasons, the City's Motion to Dismiss Plaintiff's Complaint for his Repeated Failure to Prosecute his Claims in Accordance with this Court's Orders is granted and Jackson's Motion to Stay Proceedings is moot.

BACKGROUND

This case began with Jackson, pro se, filing a four-count complaint against the City and numerous individual defendants on December 16, 2002 (Dkt. No. 1). The complaint alleged, inter alia, that Jackson was a former police officer for the City who became disabled after receiving multiple gun shot wounds in the line of duty, (Compl. ¶¶, 37-40, 52-55) and that the City violated the Americans With Disabilities Act ("ADA") with respect to Jackson by refusing, on the basis of Jackson's disability, to provide Jackson with a lump sum payment of accrued benefits. (Compl. ¶¶



56-60, 71-81.) Over three months later, Jackson had still not served any defendants, until, upon this court's prompting (Dkt. No. 2), summons issued and returns of service for defendants were executed on April 1, 2003. After granting one motion for extension of time filed by the City (Dkt. No.6) and two filed by Jackson (Dkt. Nos. 11, 12) a motion to dismiss became fully briefed and this court, on September 10, 2003, dismissed the entirety of the complaint except for Count I, which alleged a violation of the ADA in that the city discriminated against Jackson on the basis of his disability by refusing to pay a lump sum payment of accrued benefits prior to Jackson receiving a Duty Disability Pension.[1] Jackson's requests for an extension of time throughout these proceedings have generally been based on Jackson's assertions that his disability makes it difficult for him to prepare court filings.

Two requests by Jackson to amend his complaint followed. On October 20, 2003, this court granted Jackson's first motion to file an amended complaint (Dkt. No. 31) and later granted Jackson's Emergency Motion for an Extension of Time (Dkt. No. 32) with regard to that first motion to file an amended complaint. By so doing, the court allowed Jackson time to file further additional exhibits to his proposed amended complaint. Jackson did not file an amended complaint by the time the court allowed, however, Jackson filed a second motion to file an amended complaint on January 21, 2004. (Dkt. No. 40).

This court granted that second motion to file an amended complaint in a minute order of January 29, 2004 ("January 29, 2004 Minute Order"), which gave Jackson until March 1, 2004 to

---

[1] Subsequent to the September 10, 2004 minute order dismissing all but Count I of the complaint, this court reinstated Count IV of the complaint by granting Jackson's Motion to Reconsider (Dkt. No. 23), but that Count IV was eventually dismissed again upon another motion to dismiss from the City (Dkt. Nos. 34, 37.)

2

file a First Amended Complaint (Dkt. No. 42). That January 29, 2004 Minute Order also set a briefing schedule on any motion to dismiss filed by the City, which required a motion to dismiss by March 15, 2004, a response by April 15, 2004 and a reply by April 22, 2004. Jackson filed a First Amended Complaint on March 1, 2004 that differed little from the original complaint filed on December 16, 2003, and the City filed its motion to dismiss (Dkt. No. 43) ("March 15, 2004 Motion to Dismiss") that First Amended Complaint in accordance with the January 29, 2004 Minute Order. That March 15, 2004 Motion to Dismiss requested that the entirety of the First Amended Complaint be dismissed except for the ADA claim alleged in Count I of the First Amended Complaint, which was the single claim that this court had previously found sufficient to state a claim. Jackson failed to respond to the City's March 15, 2004 Motion to Dismiss by April 15, 2004, as required by the January 29, 2004 Minute Order, and instead filed a Motion for Extension of time on April 23, 2004 after the City had already filed its reply in support of the motion to dismiss. This court granted that Motion for Extension of Time in part, as well as a second motion for extension of time filed on May 6, 2004 (Dkt. No. 51) in part, which resulted in Jackson being given until June 2, 2004 to file a response to the City's March 15, 2004 Motion to Dismiss. Jackson did not file a response to the City's March 15, 2004 Motion to Dismiss by June 2, 2004 and this court granted that motion in a minute order of June 7, 2004 (Dkt. No. 57).[2]

On July 7, 2004, the parties jointly filed their report of planning meeting (Dkt. No. 66). This

---

[2] On the same day – June 7, 2004 – that this court granted the City's March 15, 2004 Motion to Dismiss, Jackson filed a motion requesting a third extension of time in which to file a response (Dkt. No. 59) and on June 8, 2004, Jackson filed a three page response to the City's March 15, 2004 Motion to Dismiss. This court ruled both motions moot (Dkt. No. 60, 71) and advised Jackson that failure to timely comply with court orders could result in sanctions, including dismissal of his complaint.

court, in essence, adopted that report on July 13, 2004 ("July 13, 2004 Scheduling Order") and advised the parties that the Scheduling Order was "FINAL AND WILL NOT BE EXTENDED." In that report that later became the July 13, 2004 Scheduling Order, the City and Jackson agreed that their respective Rule 26(a)(1) Initial Disclosures would be exchanged by August 3, 2004. (Dkt. No. 66, ¶ 2). On July 29, 2004, the City served Jackson with its Rule 26(a)(1) Initial Disclosures (Dkt. No. 69, at 7), but Jackson did not serve the city with Rule 26(a)(1) Initial Disclosures. On August 4, 2004, the City, in response to Jackson's failure to provide his Rule 26(a)(1) Initial Disclosures, filed its Motion to Dismiss Plaintiff's Complaint for his Repeated Failure to Prosecute his Claims in Accordance with this Court's Orders (Dkt. No 69). This court denied that motion, but ordered Jackson to serve his Rule 26(a)(1) Initial Disclosures on the City by 1:00 p.m. on August 17, 2004. (Dkt. No. 70.) This court also warned Jackson "that any future failure to timely comply with this court's scheduling order of 7/13/04 or this order will result in immediate dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.)

On August 17, 2004, Jackson served upon the City his Rule 26(a)(1) Initial Disclosures. In those disclosures Jackson identified 28 categories of documents in support of his claim. Subsequently, according to the City, Jackson failed to abide by several agreements between the parties to allow the City to inspect Jackson's disclosed documents, despite the fact that the City had complied with its agreement to allow Jackson to review its documents on August 31, 2004. (Dkt. No. 77.) On one occasion, according to the City, Jackson's refusal to abide by an agreement to produce his Rule 26(a)(1) documents caused the City to needlessly incur the expense of a copying service sent to Jackson's home. On September 20, 2004, the City filed its Motion to Compel the Production of Documents Identified in Plaintiff's Rule 26(a)(1) Initial Disclosures (Dkt. No. 77.)

4

On October 5, 2004, Magistrate Judge Schenkier granted that motion. (Dkt. No. 81) (Mag. Judge Schenkier's October 5, 2004 Order). Magistrate Judge Schenkier specifically ordered that the documents listed in Jackson's Rule 26(a)(1) Initial Disclosure were to be labeled to correspond to the categories listed in the Rule 26(a)(1) Initial Disclosure[3] and that those documents were to be delivered to the City's attorney's office by 5:00 p.m. on October 8, 2004. (Dkt. No. 81; Oct. 5, 2004 Mag. Judge Schenkier Hr'g Tr. of at 13).[4]

---

[3] Specifically, Magistrate Judge Schenkier and Jackson had the following exchange regrading how the documents were to be organized:

> THE COURT: I want – You know what a Post-It is?
> JACKSON: The little stickies? Yes. Stickies, yes.
> THE COURT: Post-Its. Okay, stickies.
> MR. JACKSON: Um-hum.
> THE COURT: People call them different things. I want you to put a Post-It on groups of documents so that it's clear what documents you're producing that are in Category No. 1, what documents are in Category No. 2, what documents are in Category No. 3. That's something you're going to have to do for yourself anyway.
> MR. JACKSON: Yes.
> THE COURT: So that you know what you have and this, will, I think, eliminate any confusion about what's being produced.
> MR. JACKSON: Yes.
> THE COURT: All right?
> MR. JACKSON: Yes.
> THE COURT: So I want you to do that, so take a paper clip, and all the documents that fall in Category No. 1, put a paper clip on them or put a rubber band around them and put a Post-It on it that says No.1. And do the same thing for all 28 categories, okay?
> MR. JACKSON: Yes, your Honor.

(Oct. 5, 2004 Mag. Judge Schenkier Hr'g Tr. at 12-13.)

[4] There is a typographical error in Magistrate Judge Schenkier's minute order of October 5, 2004. That minute order incorrectly states that Jackson was required to deliver the Rule 26(a)(1) documents by October 5, 2004, the same day of the hearing. But the hearing transcript

On October 13, 2004, the City filed its pending Motion to Dismiss Plaintiff's Complaint for his Repeated Failure to Prosecute his Claims in Accordance with this Court's Orders (Dkt. No. 82), which complained that Jackson had failed to comply with Magistrate Judge Schenkier's October 5, 2004 Order. That motion was noticed for October 21, 2004. On October 21, 2004, the City appeared to present its motion, but Jackson failed to appear. That day, this court entered the following minute order:

> Plaintiff Jackson has failed to appear at today's hearing. Jackson has until Tuesday, October 26, 2004 to comply with Magistrate Judge Schenkier's order of 10/5/04, requiring Jackson to disclose the documents listed in his 26(a)(1) disclosure. Jackson shall appear in Judge Holderman's courtroom on Thursday, 10/28/04 at 9:00 a.m. Jackson's failure to comply with any part of this order will result in sanctions, including dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Defendant's motion to dismiss is entered and continued until 10/28/04 at 9:00 am.

(Dkt. No. 84.) This court's minute clerk called Jackson at 12:22 p.m. on October 21, 2004 and left Jackson a voice message to advise him of that minute order. This court also mailed that minute order to Jackson via overnight delivery. (Dkt. No. 83.) On the afternoon of October 21, 2004 – hours after being left a message by this court's minute clerk – Jackson filed his pending Motion to Stay Proceedings (Dkt. No. 85). In that motion, Jackson reasserted that his disability had caused him to miss court filings and requested that this court stay these proceedings for 60-90 days due to his disability and due to new medical complications arising recently.

On October 28, 2004, this court entered the following minute order addressing both of the motions currently before this court:

> Plaintiff is given an extension of time to 4:00 pm, November 1, 2004 to comply with

---

of that day makes clear that Jackson had until Friday October 8, 2004 to complete the task. (Oct. 5, 2004 Mag. Judge Schenkier Hr'g Tr. at 13.)

6

> Magistrate Judge Schenkier's order of 10/5/04, requiring Jackson to disclose the documents listed in his 26(a)(1) disclosure. Status hearing is set for November 2, 2004 at 9:00 am. Plaintiff's motion to stay and defendant's motion to dismiss are entered and continued to November 2, 2004 at 9:00 am. Plaintiff is advised that failure to timely and fully comply with this order will result in dismissal of this action.

(Dkt. No. 86.)

At the hearing on November 2, 2004, attended by Jackson and the City, the City's counsel explained that Jackson had submitted a notebook of materials on November 1, 2004 and highlighted how these materials failed to comply with Magistrate Judge Schenkier's October 5, 2004 Order. At that hearing, Jackson admitted that not all of the documents disclosed in his Rule 26(a)(1) Initial Disclosures were provided on November 1, 2004, because according to Jackson the City had already disclosed the same or similar documents to him. Jackson also explained that he was unable to provide the City with a videotape listed in his Rule 26(a)(1) Initial Disclosure because the tape was stuck in his camera and Jackson was unsuccessful in attempting to pry the tape out of the camera with a screwdriver. (Id.) Jackson again reasserted that he has been unable to provide documents in a timely manner because of his disability and other medical problems. (Id. at 6-8)

This court agrees that Jackson has failed to comply with Magistrate Judge Schenkier's October 5, 2004 Order, which means that Jackson has also failed to comply with this court's minute order of October 28, 2004. Jackson has not properly labeled his documents to correspond with his Rule 26(a)(1) Initial Disclosures, and, furthermore, Jackson admits that he has not provided all of the materials listed in his Rule 26(a)(1) Initial Disclosures despite the fact he had been ordered to do so.

## ANALYSIS

A pro se plaintiff maintains the duty to diligently pursue his cause of action in accordance with court orders and the Federal Rules of Civil Procedure. See Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990) (explaining that the 10-day deadline for filing a Rule 59(e) motion and Rule 11 obligations apply to pro se plaintiffs). Under Rule 41(b), district courts have the authority to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). The power to dismiss a case for failure to prosecute or failure to comply with court orders protects the litigants and aids the court in keeping control over its own docket. Ladien v. Astrachan, 128 F.3d 1051, 1056-57 (7th Cir. 1997). Dismissal according to Rule 41(b) is a harsh sanction and therefore its use should be limited. Id. "There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993). "[T]he decision whether to dismiss a suit for failure to prosecute should, ideally, take full and careful account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for prosecution of the suit . . . the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiffs dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents." Id.

As explained, Jackson has frequently failed to comply with this court's orders, and has failed to comply with this court's orders regarding disclosure of Rule 26(a)(1) material even after receiving explicit warnings that his case would be dismissed. Over the course of this litigation, Jackson has filed several motions for extension of time, which have resulted in extended deadlines that Jackson

still fails to comply with; he has also filed two motions to file an amended complaint, only one of which resulted in Jackson actually filing an amended complaint, and that First Amended Complaint contained no substantial changes. This dilatory conduct is mostly to blame for the fact that it took more than a year and a half for this case to progress from the filing of a complaint to obtaining a scheduling order. Now, after finally reaching the July 13, 2004 Scheduling Order, it has taken four court orders (Dkt. Nos. 70, 81, 84, 86) and two hearings before two different federal judges (Dkt. No. 81, 84) to urge Jackson toward – but not completely to – compliance with the first obligation of that scheduling order. These delays and lack of compliance have taxed both the court's and the City's limited time and resources.

At the November 2, 2004 hearing Jackson asserted that these delays are due to his disability. This court is certainly cognizant of the fact that Jackson suffered serious injuries in defense of our community and this court is also sympathetic with the challenges Jackson faces as a result of those disabilities.[5] Accordingly, this court has accommodated Jackson on a number of occasions. Jackson, on several occasions, has been provided extended time by the court to allow him to comply with his obligations in this case based upon his representations that he needed longer to prepare and file materials. But throughout this litigation, Jackson has failed to meet deadlines even when given extensions of time. The initial deadline for the disclosure of Rule 26(a)(1) materials was a deadline with which Jackson personally agreed, and then failed to meet. Jackson was given further time to comply both by Magistrate Judge Schenkier and this court. He still did not comply.

---

[5]The court has also considered the materials Jackson submitted as to his latest claim of medical problems. These latest purported medical difficulties, even if true which this court questions, do not adequately justify the repeated failures by Jackson to comply with his court ordered obligations in this case.

9

This court cannot countenance a party's repeated failure to comply with deadlines; and such a pattern of behavior without adequate justification and after repeated warnings and opportunities for compliance leaves dismissal as the only practicable sanction. This court believes that a financial sanction against Jackson, a former police officer whose sustenance depends upon a disability pension, would not be appropriate. Furthermore, excluding Jackson's Rule 26(a)(1) Initial Disclosures would only prejudice the City's ability to defend this case.

Without ruling on the merits of Jackson's claim, the court notes that it appears to be without merit under the circumstances of this case. The denial of the lump sum payment was pursuant to a Collective Bargaining Agreement, an agreement that the City is generally required not to disregard in order to accommodate Jackson. See Eckles v. Cons. Rail Corp., 94 F.3d 1041, 1051 (7th Cir. 1996). Furthermore, there are serious questions as to whether Jackson has standing to bring an ADA claim against his former employer, the City. Jackson ended his employment with the City and went on a Duty Disability Pension sometime in 1996 due to injuries suffered in the line of duty. (Dkt. No. 1, ¶¶ 73-76.) Accordingly, he is not a current employee of the City and he is almost certainly not a "qualified individual" who would be able to perform the essential functions of a police officer's job.[6] The conclusion that Jackson is totally disabled from working – and therefore not a qualified individual with a disability – is buttressed by his representations to that effect to this court in numerous filed documents and at the hearing on November 2, 2004. (See e.g. Dkt. No. 1, ¶¶ 53-58;

---

[6] The definition used to determine whether or not a policeman should receive a Duty Disability Pension is whether the policeman suffered "A condition of physical or mental incapacity to perform any assigned duty or duties in the police service." 40 ILCS 5/5-115. The court notes that a determination that Jackson meets this definition does not necessarily mean that he could not establish himself as a qualified individual with a disability. See Weigel v. Target Stores, 122 F.3d 461, 467 (7th Cir. 1997).

Dkt. No. 16 ¶¶ 82-86; Dkt. No. 40, ¶¶ 5-7) This fact dooms Jackson's ADA claim, because the Seventh Circuit has "held that retired and other former workers [,including those who had taken early retirement after becoming totally disabled from working] are not protected by the employment provisions of the" ADA. See Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co., 268 F.3d 456, 457-58 (7th Cir. 2001) (citing EEC v. CNA Ins. Cos., 96 F.3d 1039, 1041, 1045 (7th Cir. 1996)). Finally, in regard to the societal consequences of dismissal, the court notes that it is clear from the record that the City's policy which Jackson has challenged is no longer in existence. (Dkt. No. , ¶ 62 n.4.; Dkt. No.17 at 9.)

## CONCLUSION

Accordingly, this case is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Jackson's Motion to Stay Proceedings is moot. Any pending motions are moot.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: November 18, 2004

11

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

| | |
|---|---|
| JACKSON | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 02 C 9113 |
| CITY OF CHICAGO | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute

Michael W. Dobbins, Clerk of Court

Date: 11/18/2004

J. Smith, Deputy Clerk